# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

LUIS MONTANO-RIOS,
Defendant

Criminal Complaint

CASE NUMBER: 07-221 M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __November 2, 2007__ in the District of Delaware, Defendant LUIS MONTANO-RIOS, an alien and citizen of Mexico, was found in the United States and was knowingly in the United States, after having been denied admission, excluded, deported, and removed therefrom on or about September 3, 2005, and prior to the defendant's reembarkation at a place outside the United States, neither the Attorney General of the United States nor the Undersecretary for Border Transportation, Department of Homeland Security, had expressly consented to the defendant's reapplication for admission, in violation of Title 8, United States Code, Section 1326(a).

I further state that I am a(n) __Deportation Officer, United States Immigration & Customs Enforcement__ and that this complaint is based on the following facts:

Official Title

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
David Savina
Deportation Officer, United States Immigration & Customs Enforcement

Sworn to before me and subscribed in my presence,

__November 8, 2007__   at   Wilmington, DE
Date                                             City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                  _____
Name & Title of Judicial Officer                 Signature of Judicial Officer

FILED
NOV 8 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David W. Savina, being duly sworn, depose and say:

1. I am a Deportation Officer with the Department of Immigration & Customs Enforcement ("ICE"), a branch of the United States Department of Homeland Security ("DHS"), at the ICE office located in Dover, Delaware. I have been employed as a Deportation Officer since September 14, 1998, when the United States Immigration and Naturalization Service ("INS"), ICE's predecessor agency, employed me. The INS became known as ICE in March 2003, when it was transferred to DHS' jurisdiction.

2. This investigation is based upon information provided in DHS/ICE records, National Crime Information Center ("NCIC") records, Federal Bureau of Investigation ("FBI") records, and by my own observations and interviews.

3. On or about November 2, 2007, the ICE Dover office received notification from the Sussex County Correctional Institution ("SCI") in Georgetown, Delaware that a possible illegal alien was incarcerated at the facility. ICE database and NCIC record checks were conducted that indicated that the subject, Luis MONTANO-Rios, was a possible illegal alien from Mexico.

4. On November 7, 2007, your affiant interviewed Luis MONTANO-Rios at the SCI. Once advised of his rights in English pursuant to *Miranda v. Arizona*, Luis MONTANO-Rios signed a written waiver of his rights and agreed to speak with your affiant. The subject stated that his true and correct name is Luis MONTANO-Rios, that he was born on a particular date in 1980 in Mexico and that he is a citizen of Mexico. He stated that he had last been deported from the United States on September 3, 2005 and that he had re-entered the United States, without inspection or parole by an immigration officer, on September 3, 2005, at an unknown location near El Paso, Texas. Luis MONTANO-Rios stated that he knew he had re-entered the United States illegally and that he had not obtained the permission of the Attorney General of the United States or of the Undersecretary for Border and Transportation Security of the DHS before doing so.

5. Your affiant has reviewed DHS/ICE alien database records and Luis MONTANO-Rios's ICE alien file (file number A78 119 353), which indicate that Luis MONTANO-Rios was in fact born in 1980 in Mexico and that he originally entered the United States without inspection on or about December 2, 1999. Those records confirmed that Luis MONTANO-Rios was deported from the United States to Mexico on May 21, 2003, and they contain no indication that he had obtained permission from the United States government to re-enter the country on May 12, 2004. Records confirmed that Luis MONTANO-Rios reentered the United States without inspection on or about May 12, 2004. Those records confirmed that Luis MONTANO-Rios was again deported from the

1

United States to Mexico on June 15, 2005, and they contain no indication that he had obtained permission from the United States government to re-enter the country on June 15, 2005. Records confirmed that Luis MONTANO-Rios reentered the United States without inspection on or about June 15, 2005. Those records confirmed that Luis MONTANO-Rios was again deported from the United States to Mexico on September 3, 2005, and they contain no indication that he had obtained permission from the United States government to re-enter the country on September 3, 2005.

6. Your affiant queried the subject's fingerprints in an automated system and compared those fingerprints to Luis MONTANO-Rios's fingerprints when he was deported in May 2003, June 2005, and September 2005. The comparison was a match.

WHEREFORE, your affiant avers that there is probable cause to believe that Luis MONTANO-Rios, a citizen and alien of Mexico, was deported by ICE to Mexico on May 21, 2003, June 15, 2005, and September 3, 2005. That he was found in the United States in November 2007 and that prior to his re-embarkation at a place outside the United States, neither the Undersecretary for Border and Transportation Security of the DHS nor the Attorney General of the United States had expressly consented to such alien's re-applying for admission, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

David W. Savina
Deportation Officer
United States Immigration & Customs Enforcement

Subscribed and sworn to before me this ___ day _____ of 2007.

The Honorable Mary Pat Thynge
United States Magistrate Judge

2