AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

**V.**

Luis Montano-Rios

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  07-22|M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed     that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.
   § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment
   for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure
   the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by     clear and convincing evidence     a prepon-
derance of the evidence: Defendant did not oppose the government's motion for detention at the present time, but reserved the right to do so in the future which was granted. Defendant is charged with illegal re-entry into the US. Evidence shows that he was previously deported on three occassions. The evidence against defendant for this offense is very strong. Most of the charges or convictions against him beginning in 2000 are for falsely using the name and/or date of birth of another, driving offenses including numerous license violations. providing an officer with a false name, driving without a valid license with a number of these offenses occurring in Minnesota and Illinois. Beginning in 2006, similar type charges started in DE within a few months after he was last deported in 2005. For the DE charges he accumulated 4 FTA. He is clearly a risk of non-appearance.



F I L E D

NOV 2 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472  (Rev. 3/86)  Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 19, 2007 | |
|---|---|
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).